UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>               Petitioner,<br><br>     v.<br><br>MARKWAYNE MULLIN, Secretary, et al.,<br><br>               Respondents. | No. 1:26-cv-02360-KES-FJS (HC)<br><br>ORDER GRANTING PETITIONER'S MOTION TO PROCEED UNDER PSEUDONYM "JOHN DOE"<br><br>[ECF No. 6] |

Petitioner is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has filed a petition for writ of habeas corpus challenging his detention by the United States Department of Homeland Security ("DHS").

On March 27, 2026, Petitioner filed the instant motion to proceed under the pseudonym "John Doe." (ECF No. 6.) The Ninth Circuit has held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). In determining the need for anonymity, the Court must evaluate the following factors: 1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to such retaliation; (4) the precise prejudice at each stage of the proceedings to the opposing party and whether proceedings may be structured so as to mitigate that prejudice;

and (5) whether the public's interest in the case would be best served by requiring that the litigant reveals his or her identity. *Id*. at 1068-69.

Petitioner is an El Salvadoran national who has applied for asylum, withholding, and protection under the Convention Against Torture. He fears retaliation by his former gang for having left the gang without permission. He states he is detained in close proximity to individuals who may target him due to their gang loyalties. He states he has suffered torture at the hands of these gangs in the past. The current lawsuit would reveal Petitioner's identity, age, current location, and future county of residence within the United States. Petitioner's fears are credible and satisfy the first three factors. Further, the Court does not find Respondent will be prejudiced should Petitioner proceed under a pseudonym. As Petitioner notes, Respondent has been informed of Petitioner's identity. The Court finds Petitioner's need for anonymity outweighs the public's interest in knowing his identity.

For the foregoing reasons, Petitioner's motion to proceed under a pseudonym is GRANTED.

IT IS SO ORDERED.

Dated:    **April 10, 2026**

FRANK J. SINGER
UNITED STATES MAGISTRATE JUDGE