UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE (A-Number: 209-335-947),<br>Petitioner,<br>v.<br>MULLIN, et al.,<br>Respondents. | No. 1:26-cv-02360-KES-FJS (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING IN TEN (10) DAYS<br><br>Doc. 1 |

Petitioner John Doe (A-Number: 209-335-947) is an immigration detainee proceeding through counsel with a petition for writ of habeas corpus. Doc. 3. The petition raises multiple claims, including that the "application of § 1225(b)(2) to Petitioner unlawfully mandates his continued detention without a bond hearing and violates 8 U.S.C. § 1226(a)." Doc. 3 at 30.

In relevant part, respondents argue that petitioner is "subject to the mandatory detention framework of 8 U.S.C. § 1225(b)" and "not entitled to custody redetermination hearings by immigration judges." Doc. 10 at 3. But the Ninth Circuit rejected that argument in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), and held that 8 U.S.C. § 1226(a) applies to noncitizens in petitioner's circumstances.

On November 5, 2026, the court ordered respondents to provide a status update regarding petitioner's detention. Doc. 17. Respondents preserved "their position that petitioner is detained under 8 U.S.C. § 1225(b)," but they noted the *Rodriguez Vazquez* decision and acknowledged that petitioner "is currently subject to detention under 8 U.S.C. § 1226(a)." Doc. 18 at 2.

Accordingly, the petition for writ of habeas corpus is GRANTED as to petitioner's claim challenging the statutory authority for his detention.[1] Respondents are ORDERED to provide petitioner John Doe (A-Number: 209-335-947) with a bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations within ten (10) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' notice before the bond hearing in a language that he can understand. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond. If respondents do not provide petitioner with a bond hearing within ten (10) days, then respondents must release him.[2]

The Clerk of Court is directed to close this case, terminate any pending motions as moot, and enter judgment for petitioner. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated: November 23, 2026

UNITED STATES DISTRICT JUDGE

---

[1] The court need not address petitioner's other claims as petitioner is entitled to relief based on the court's ruling on petitioner's challenge of the statutory authority for his detention.

[2] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.